IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FLY LOW, INC. D/B/A KING OF
DIAMONDS,
a Florida Corporation,

       Plaintiff,

v.

LENNY MOORE, an individual,

       Defendant.

## COMPLAINT

Plaintiff, FLY LOW, INC. D/B/A KING OF DIAMONDS ("Fly Low"), through its attorneys, sues Defendant, LENNY MOORE ("Moore" or "Defendant"), and states:

## INTRODUCTION

1.    This case arises from Defendant's willful infringement of Fly Low's registered KING OF DIAMONDS® trademark (Count I), false designation of origin as to Fly Low's KING OF DIAMONDS and KOD trademarks (Count II), and common law unfair competition (Count III).

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction of this action pursuant to 15 U.S.C. §§ 1114, 1116, 1118, 1121 and 1125; 28 U.S.C. § 1331; and 28 U.S.C. §§ 1338(a) and 1367, because this case involves a federal question arising under the Lanham Act, 15 U.S.C. §§ 1051, et seq.

3.      Personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 1391 and Fla. Stat. § 48.193 because upon information and belief the Defendant resides in this District, committed the tortuous acts complained of in this District and is engaged in substantial and not isolated activity within this state.

## THE PARTIES

4.      Plaintiff, Fly Low, is a corporation organized under the laws of the State of Florida, having its principal place of business in Miami, Florida.

5.      Defendant Moore is an individual who, upon information and belief, resides in this district.  Moore previously worked at Fly Low's KING OF DIAMONDS club in Miami.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

**A.      Fly Low and its KING OF DIAMONDS Trademark**

6.      Fly Low has been doing business under the name and mark KING OF DIAMONDS (including as part of the design shown below) since at least as early as November 2008, and has been doing business under the name and mark KOD since at least as early as February 2009, providing night club and bar services featuring adult entertainment in connection with both marks.



7.      Fly Low is the owner of the federally registered trademark KING OF DIAMONDS and Design (as shown above), U.S. Trademark Registration No. 4,135,316 (the

"KING OF DIAMONDS Registration") for night club services (class 41) and bar and cocktail lounge services (class 43).

8.      As a result of its use of the KING OF DIAMONDS and KOD names and marks for nearly six (6) years, Fly Low has also developed extensive common law trademark rights in these names and marks.

9.      The KING OF DIAMONDS and KOD names and marks are inherently distinctive and serve to identify Fly Low as the source of the services associated with these marks.

10.     Due to Fly Low's popularity and the significant advertising and promotional activities undertaken in connection with these marks, including at Fly Low's website, *officialkod.com*, the KING OF DIAMONDS and KOD names and marks are widely recognized by the general consuming public.  Representative advertising showing Fly Low's use of its KING OF DIAMONDS and KOD names and marks is attached hereto as Composite Exhibit "A."

**B.      Defendant's Infringing Conduct**

11.     On or around April 30, 2014, Fly Low first learned that Moore was improperly using the KING OF DIAMONDS and KOD names and marks, to advertise an unauthorized adult nightclub event (the "First Infringing Event") at Larry Flynt's Hustler Club in Las Vegas. Representative samples of Moore's advertising materials from the First Infringing Event are attached hereto as Composite Exhibit "B."

12.     Counsel for Fly Low sent a cease and desist letter to Moore, advising him of his liability for the First Infringing Event. Despite receiving the cease and desist letter before the event was to occur, Moore proceeded to hold the First Infringing Event.

13.    On or around May 22, 2014, Fly Low discovered that Moore was improperly using the KING OF DIAMONDS and KOD names and marks, to promote an unauthorized "nightclub style" topless pool party (the "Second Infringing Event") at Caesars Palace and had set up an Instagram account named "kingofdiamondslasvegas." Representative samples of Moore's advertising materials from the Second Infringing Event are attached hereto as Composite Exhibit "C."

14.    Counsel for Fly Low sent a cease and desist letter to counsel for Moore, advising him of his client's liability for the Second Infringing Event.  Despite receiving the cease and desist letter before the event was to occur, Moore proceeded to hold the Second Infringing Event.

15.    On or around June 26, 2014, Fly Low discovered that Moore was improperly using the KING OF DIAMONDS and KOD names and marks, to promote another unauthorized adult nightclub event (the "Third Infringing Event") at Déjà Vu Showgirls Gentlemen's Club in Los Angeles, California. Representative samples of Moore's advertising materials from the Third Infringing Event are attached hereto as Composite Exhibit "D."

16.    Counsel for Fly Low again sent a cease and desist letter to counsel for Moore, advising him of his client's liability for the Third Infringing Event.  Despite receiving the cease and desist letter before the event was to occur, Moore proceeded to hold the Third Infringing Event.

17.    Advertising for the First Infringing Event, the Second Infringing Event and the Third Infringing Event (collectively, the "Infringing Events") all suggested that the entertainers were either being brought from Miami for the events and/or that the Miami KING OF DIAMONDS (i.e., Fly Low's official KING OF DIAMONDS nightclub) was "invading" the particular event location.

4

18.     Moore has promoted the Infringing Events through multiple social media platforms, including, Facebook, Instagram, Youtube and Twitter.

19.     Moore is not authorized by Fly Low to use the KING OF DIAMONDS or KOD names and marks, or any variation of either mark.

20.     Moore's use of the KING OF DIAMONDS and KOD names and marks to promote virtually identical services as Fly Low, including adult nightclub services, is likely to cause confusion, and to cause the public to mistakenly believe that Fly Low has sponsored, authorized, or licensed the Infringing Events, or that Moore is otherwise affiliated with Fly Low.

**COUNT I**
**INFRINGEMENT OF FEDERALLY REGISTERED MARK**
**(15 U.S.C. § 1114)**

21.     Fly Low repeats and realleges the allegations contained in Paragraphs 1 through 20 above as if fully set forth herein.

22.     Moore's unauthorized use of the KING OF DIAMONDS name and mark in connection with the virtually identical services as covered by the KING OF DIAMONDS Registration, constitutes infringement of a federally registered mark and is likely to confuse the public into believing that the services offered by Moore are offered, sponsored, authorized, licensed by or otherwise affiliated with Fly Low or come from the same source as Fly Low's services.

23.     Moore's use of the KING OF DIAMONDS name and mark is without Fly Low's permission or authority.

24.     Moore's activities have been with full knowledge of Fly Low's rights.

25.     Moore's willful and intentional acts of infringement have caused and are causing great and irreparable injury and damage to Fly Low's rights, business, goodwill and reputation

5

and, unless restrained, will cause further irreparable injury and damage, leaving Fly Low with no adequate remedy at law.

26.     Moore's use of a counterfeit of the KING OF DIAMONDS design mark entitles Fly Low to enhanced or statutory damages for counterfeiting under the Lanham Act.  15 U.S.C. § 1117.

**COUNT II**
**FEDERAL FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. § 1125)**

27.     Fly Low repeats and realleges the allegations contained in paragraphs 1 through 20 above as if fully set forth herein.

28.     The KING OF DIAMONDS and the KOD names and marks are inherently distinctive, have achieved a high degree of consumer recognition, and serve to identify Fly Low as the source of the services associated with these marks.

29.     Moore's unauthorized use of the KING OF DIAMONDS and the KOD names and marks in commerce constitute false designation of origin and false descriptions that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Moore with Fly Low, or as to the origin, sponsorship or approval of Moore's services.

30.     Moore's use of the KING OF DIAMONDS and the KOD names and marks are without Fly Low's permission or authority.

31.     Moore's activities have been with full knowledge of Fly Low's rights.

32.     Moore's willful and intentional acts of infringement have caused and are causing great and irreparable injury and damage to Fly Low's rights, business, goodwill and reputation and, unless restrained, will cause further irreparable injury and damage, leaving Fly Low with no adequate remedy at law.

6

## COUNT III
## COMMON LAW UNFAIR COMPETITION

33.     Fly Low repeats and realleges the allegations contained in paragraphs 1 through 20 above as if fully set forth herein.

34.     The KING OF DIAMONDS and the KOD names and marks are inherently distinctive, have achieved a high degree of consumer recognition, and serve to identify Fly Low as the source of the services associated with these marks.

35.     Moore's unauthorized use of the KING OF DIAMONDS and the KOD names and marks in commerce constitute unfair competition under the common law of Florida.

36.     Moore's use of the KING OF DIAMONDS and the KOD names and marks are without Fly Low's permission or authority.

37.     Moore's activities have been with full knowledge of Fly Low's rights.

38.     Moore's willful and intentional acts of unfair competition have caused and are causing great and irreparable injury and damage to Fly Low's rights, business, goodwill and reputation and, unless restrained, will cause further irreparable injury and damage, leaving Fly Low with no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Fly Low respectfully requests that this Court enter judgment in its favor and against Moore as follows:

A.     Granting permanent injunctive relief restraining Moore, his employees, agents, officers, directors, licensees, attorneys, successors, affiliates, subsidiaries, and assigns and all those in active concert and participation with any of them, from:

(1)     Using or contributing to the unauthorized use of the KING OF DIAMONDS and KOD names and marks or any mark confusingly similar thereto in connection with the advertising, promotion and offering of any services related to the services offered by Fly Low under the KING OF DIAMONDS or the KOD names and marks.

(2)     Committing any other act which falsely represents or which has the effect of falsely representing that the services of Moore are licensed by, authorized by, offered by, sponsored by, or in any other way affiliated with Fly Low;

(3)     Otherwise infringing upon and/or counterfeiting, or contributing to the infringement or counterfeiting of the KING OF DIAMONDS design mark;

(4)     Otherwise infringing upon or contributing to the infringement of the KING OF DIAMONDS and the KOD names and marks;

(5)     Otherwise unfairly competing with Fly Low;

(6)     Aiding, assisting or abetting any other party in the acts prohibited by subparagraphs (1) through (5) above.

B.     Awarding Fly Low damages with respect to Counts I, II and III, treble damages pursuant to 15 U.S.C. § 1117(a) or 15 U.S.C. § 1117(b), or statutory damages pursuant to 15 U.S.C. § 1117(c), attorneys fees pursuant to 15 U.S.C. § 1117(a) or 15 U.S.C. § 1117(b), as applicable, costs and such other and further relief as the Court deems just and proper.

Dated: July 16, 2014               Respectfully submitted,

PERETZ CHESAL & HERRMANN, P.L.
*Counsel for Fly Low*
2 S. Biscayne Blvd., Suite 3700
Miami, Florida 33131
Tel: 305-341-3000
Fax: 305-371-6807

By: /s/ Michael B. Chesal
    Michael B. Chesal
    mchesal@pch-iplaw.com
    Fla. Bar. No. 775398
    Josh E. Saltz
    jsaltz@pch-iplaw.com
    Fla. Bar. No. 70521