UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-22666-Civ-COOKE/TORRES

FLY LOW, INC. d/b/a
KING OF DIAMONDS,
a Florida Corporation,

      Plaintiff,

vs.

LENNY MOORE,
an individual,

      Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS
AND STRIKE DEFENDANT'S COUNTERCLAIMS**

      Plaintiff Fly Low, Inc. d/b/a King of Diamonds brought this action against *pro se* Defendant Lenny Moore for trademark infringement, false designation of origin, and unfair competition. Plaintiff is a provider of nightclub and bar services featuring adult entertainment, and conducts business under the name and trademark "KING OF DIAMONDS" and "KOD." It alleges that Defendant unlawfully used the KING OF DIAMONDS and KOD names and marks on several occasions to promote adult entertainment events unaffiliated with Plaintiff. Before me is Plaintiff's fully briefed Motion to Dismiss and Strike Defendant's Counterclaims. (ECF Nos. 23, 26, 37). For the reasons that follow, Plaintiff's Motion is granted.

### I.    BACKGROUND

      I previously entered an Order Denying Plaintiff's Motion for Voluntary Dismissal Without Prejudice and *Sua Sponte* Dismissing Defendant's Counterclaims Without Prejudice. (ECF No. 18). In that Order, I found that I could not dismiss this action pursuant to Plaintiff's Motion for Voluntary Dismissal because, prior to the service of the Motion for Voluntary Dismissal, *pro se* Defendant had filed several "Affirmative Defenses" which, in light of the less stringent pleading standard afforded to *pro se* litigants, could be construed as

1

counterclaims. Nevertheless, I required Defendant to amend his counterclaims of "Copyright Infringement" and "Slander and Defamation" by (1) properly titling those counterclaims as such, and (2) complying with Federal Rule of Civil Procedure 8's requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 3. I further admonished Defendant that "even *pro se* litigants must allege the essential elements of their claims for relief." *Id.* (citing *Sarsoun v. Bank of America Credit Co.*, No. 6:14-cv-2054, 2015 WL 105895, at *2 (M.D. Fla. Jan. 7, 2015)).

On May 19, 2015, Defendant filed his Counterclaims Against Plaintiff Fly Low, Inc. d/b/a King of Diamonds, Inc. (ECF No. 19). Defendant asserted the following counterclaims: (1) Copyright Infringement, (2) Slander & Defamation, (3) Tortious Interference, (4) Intentional Infliction of Emotional Distress, and (5) Breach of Contract (the "Amended Counterclaims"). *Id.* Plaintiff then moved to dismiss and strike Defendant's Amended Counterclaims. (ECF No. 23).

## II. LEGAL STANDARDS

A claim will be dismissed pursuant to Rule 12(b)(6) when, accepting all factual allegations therein as true, the claimant has failed to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss, the Court must accept all factual allegations as true and take them in the light most favorable to the claimant. *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). The court's consideration on a motion to dismiss is limited to the pleadings and exhibits attached thereto. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (citing *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). *Pro se* pleadings are to be liberally construed. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). "However, a court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the party]." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

To satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a)(2), a claim must consist of "a short and plain statement…showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While detailed factual allegations are not necessary to withstand a motion to dismiss under Rule 12(b)(6),

"a [claimant's] obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations and punctuation omitted). A claimant must plead "factual content that allows the court to draw the reasonable inference that the [respondent] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

### III.   ANALYSIS

#### A.   Untimely Counterclaims

In this Court's Order Denying Plaintiff's Motion for Voluntary Dismissal Without Prejudice and Sua Sponte Dismissing Defendant's Counterclaims Without Prejudice (ECF No. 18), I permitted Defendant to amend his counterclaims to provide Plaintiff with adequate notice of the claims against it and to come into compliance with the Federal Rules of Civil Procedure. Defendant went beyond this limited leave to amend by asserting new counterclaims for Tortious Interference, Intentional Infliction of Emotional Distress, and Breach of Contract. Plaintiff argues that these counterclaims must be stricken as untimely. I agree.

In their Joint Scheduling Report (ECF No. 11), the parties suggested a deadline for amending the pleadings without leave of court as December 12, 2014. I entered an Order Setting Civil Trial Date and Pretrial Deadlines (ECF No. 12), which set the deadline of December 12, 2014 for amending the pleadings. Defendant never obtained, nor is the Court inclined to provide, leave to file brand new counterclaims five months past the deadline for amending the pleadings. While I must construe a *pro se* litigant's claim liberally, I am not compelled to be liberally apply deadlines to a *pro se* litigant. *See Clarke v. Health & Human Services*, 180 Fed. Appx. 840, 842 (11th Cir. 2006) ("While the complaints of *pro se* litigants should be liberally construed, we have held that liberal construction does not mean liberal deadlines.") (internal quotation marks and citation omitted).

Accordingly, Defendant's belated counterclaims for Tortious Interference, Intentional Infliction of Emotional Distress, and Breach of Contract are stricken as untimely and unauthorized.

    **B.**    **Copyright Infringement**

In his Amended Counterclaims, Defendant asserted a claim for copyright infringement against Plaintiff. Defendant's counterclaim reads:

> Defendant states unequivocally that Defendant created and designed the King of Diamonds Logo and has affidavits from the graphic designer and former employees and affiliates of Plaintiffs/Counter Defendants supporting this assertion, and that Plaintiffs/Counter Defendants have illegally usurped Defendant's copyright interest in the King of Diamonds logo. (Graphic designer and KOD Affiliate's Affidavits annexed hereto as Exhibit B)[.]

Exhibit B to the Amended Counterclaims is a composite exhibit consisting of the Affidavits of Frank Oliver, Charles Young, Avalon Lee, Lizbeth Cedeno, and Defendant Leonard J. Moore. The gravamen of these affidavits is that Defendant worked with a graphic designer, Frank Oliver, to develop the "King of Diamonds" logo and brand in 2008, when Defendant was in negotiations to acquire a certain adult nightclub in Pompano Beach by the name of "Lion's Den." Months after that deal fell through, Defendant was approached by Jack Galardi to discuss taking over the operations of another adult nightclub known as Crazy Horse Saloon Gentlemen's Club/Club 112. On October 26, 2008, Defendant met with Jack Galardi, John Steve Ennis and others to discuss the idea, and in that meeting he presented them with a "confidential written copy" of his business plan for running the club. (ECF No. 19 at 29). That business plan included changing the name of the club to the "King of Diamonds Gentlemen's Club" and demonstrated the logo developed by Defendant and Frank Oliver. The next day, Defendant accepted an offer to become CEO and Executive Operator of the club. Defendant states that he then granted Galardi South Enterprises/Flylow, Inc. permission to use his "King of Diamonds Gentlemen's Club" name and logo for a period of five years from the time of the club's opening. *Id.* at 30.

    Plaintiff argues that Defendant's copyright infringement counterclaim should be dismissed because Defendant has failed to allege ownership of a valid copyright registration. I agree. To state a claim for copyright infringement, a claimant must plead: (1) ownership of a valid copyright; and (2) the defendant's unauthorized copying of protected elements of the copyrighted material. *Roig v. Star Lofts on the Bay Condominium Assoc., Inc.*, No. 11-20421-Civ, 2011 WL 6178882, at *2 (S.D. Fla. Dec. 12, 2011). A claimant seeking to assert a copyright under federal law must register the copyright prior to filing a civil action for

copyright infringement. *Id.*; 17 U.S.C. § 411(a) ("no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title"). The requirement of a copyright registration is jurisdictional in nature. *Rene Perez & Assoc., Inc. v. Almeida*, No. 96-1201-Civ-Davis, 1996 WL 541736, *3 (S.D. Fla. May 30, 1996) ("The language of [ ] section 411(a) is clear and unambiguous: copyright registration is a jurisdictional prerequisite to a lawsuit for infringement."). Nowhere in Defendant's counterclaim for copyright infringement (ECF No. 19) does Defendant allege that he registered the purported copyright. In fact, in response to the Motion to Dismiss, Defendant states that he "does not own the copyright…." (ECF No. 26 at 2 of 8). Accordingly, this Court lacks jurisdiction to consider Defendant's copyright infringement claim.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Dismiss and Strike Defendant's Counterclaims (ECF No. 23) is **GRANTED**. Defendant's Counterclaim Number One (Copyright Infringement), Number Three (Tortious Interference), Number Four (Intentional Infliction of Emotional Distress), and Number Five (Breach of Contract) are **DISMISSED** *with prejudice*.

**DONE and ORDERED** in chambers, at Miami, Florida, this 16TH day of October 2015.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:

*Edwin G. Torres, U.S. Magistrate Judge*

*Counsel of record*

*Lenny Moore, pro se*
*3431 NW 169 Terrace*
*Miami Gardens, FL 33054*

5